## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT M. SALEM,
                    Appellant,

             v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
SF-0752-15-0081-I-1

DATE: November 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert M. Salem, Janesville, California, pro se.

Kevin D. Cox, Herlong , California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     Effective October 9, 2014, the agency removed the appellant from his position as a GS-9 Production Controller for excessive absence without leave (AWOL) and failure to follow established leave procedures. Initial Appeal File (IAF), Tab 5 at 9-11. The appellant timely appealed the removal to the Board, and the parties subsequently reached an agreement to settle the appeal. IAF, Tabs 1, 13. In the settlement agreement, the appellant agreed to the dismissal with prejudice of his Board appeal, and the agency agreed, among other things, to remove the Standard Form 50 showing his removal from his record and to replace it with one showing that he resigned due to disability retirement. IAF, Tab 13 at 1-2. The administrative judge found that the settlement agreement appeared lawful on its face, the parties had indicated that they understood the terms of the agreement, and the agreement was reached freely. IAF, Tab 14, Initial Decision (ID) at 1. Accordingly, in a March 5, 2015 initial decision, the administrative judge entered the settlement agreement into the record for purposes of enforcement by the Board and dismissed the appeal as settled. ID at 1-2. The administrative judge notified the appellant that the initial decision would become final on April 9, 2015, unless a petition for review was filed by that date. ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3     On August 27, 2015, the appellant wrote to the administrative judge stating that he had not understood the effect the settlement agreement would have on his disability retirement benefits and asking the administrative judge to correct the injustice. Petition for Review (PFR) File, Tab 1 at 1-2. The regional office forwarded the appellant's letter to the Office of the Clerk of the Board, which docketed it as a petition for review of the initial decision dismissing the appeal as settled. PFR File, Tab 2 at 2. The Clerk of the Board notified the appellant that his petition for review was untimely filed and explained that he must file a motion asking the Board to accept the petition for review as timely and/or to

waive the time limit for good cause. *Id.* at 1-2. The appellant responded, asking the Board to excuse his late filing because he did not discover that there had been no "meeting of the minds" as to the effect of the settlement agreement on his disability retirement benefits until he received correspondence from the agency on August 6, 2015.[2] PFR File, Tab 3 at 4-6. He further stated that, upon receiving the agency's correspondence, he realized for the first time that the settlement agreement was invalid and sent a letter to the administrative judge within 21 days. *Id.* at 5-6. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 4.

¶4        A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The initial decision was issued on March 5, 2015, and sent to the appellant, who is a registered e-filer, the same day. ID at 1; IAF, Tab 15. The appellant has not alleged that he received the initial decision more than 5 days after issuance, PFR File, Tab 3, and so he had until April 9, 2015, to file a petition for review, 5 C.F.R. § 1201.114(e); ID at 3. The appellant's letter to the administrative judge, which we construe as the petition for review, was not mailed until August 28, 2015. PFR File, Tab 1 at 9. Thus, the appellant's petition for review was untimely filed by approximately 4.5 months.

---

[2] Specifically, the appellant asserted that, when he entered into the settlement agreement, he believed that the agency would remove the absences designated as AWOL from his record as part of the settlement agreement. PFR File, Tab 3 at 3, 5. However, in June 2015, he discovered that the agency had not done so and that, as a result, his disability retirement benefits began on October 8, 2014, instead of May 28, 2013, when he had stopped going to work due to his health problems, and he had not received service credit for the 1.5-year period he was in AWOL status. *Id.* at 3-5, 9. The appellant wrote to the agency suggesting that there had been a "mutual mistake" regarding the effect of the settlement agreement on his retirement benefits. *Id.* at 4-5, 19-20. On August 6, 2015, the agency responded, rejecting his suggestion that there had been a mutual mistake. *Id.* at 4-5, 21.

¶5      The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the filing delay.  5 C.F.R. § 1201.114(g).  Discovery of new evidence may establish good cause for the untimely filing of a petition for review if the appellant shows that the newly discovered evidence was not readily available before the record closed below and that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Owen v. U.S. Postal Service*, 87 M.S.P.R. 449, ¶ 6 (2000).  Where, as here, an appeal has been dismissed as settled, newly discovered evidence would constitute good cause for untimely filing a petition for review if the newly discovered evidence establishes that the settlement agreement was invalid.  *Id.*  Nevertheless, newly discovered evidence may be the basis of a waiver of the time limit only when the appellant shows that his failure to discover such evidence was not through lack of diligence.  *Id.*  In the instant case, however, we need not determine whether the appellant's evidence meets the Board's criteria for "new" evidence because, as discussed below, we find that the appellant has failed to show that the evidence is material to the validity of the settlement agreement, i.e., that it has enough weight to warrant a finding of invalidity.  *Id.*

¶6      A party seeking to set aside a settlement agreement bears the heavy burden of showing that it is tainted with invalidity by fraud or mutual mistake.  *Id.*, ¶ 7.  Here, the appellant asks the Board to excuse his untimely filing because he did not have sufficient information to know that the settlement agreement was invalid until he received the agency's correspondence on August 6, 2015.  PFR File, Tab 3 at 4-5.  Specifically, he contends that the agency's correspondence informed him, for the first time, that "[he] did not have the same understanding of the agreement or the consequences of those terms as [the agency]" and that "[he] really didn't understand it when [he] signed it."  *Id.* at 5.  However, it is well settled that a unilateral mistake is not a basis for finding a settlement agreement invalid.  *Pawlowski v. Department of Veterans Affairs*, 96 M.S.P.R. 353, ¶ 15 (2004).  The appellant has not alleged that the newly discovered evidence

establishes that the settlement agreement is tainted with invalidity by fraud or mutual mistake. PFR File, Tabs 1, 3; *see Owen*, 87 M.S.P.R. 449, ¶ 7. Thus, he has not shown good cause for his untimely filed petition for review on the basis of newly discovered evidence establishing that the settlement agreement was invalid. *See Owen*, 87 M.S.P.R. 449, ¶ 6.

¶7        The appellant has not alleged, and we do not discern, any alternate basis for finding good cause for his untimely filed petition for review. PFR File, Tabs 1, 3. Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.